18839—State, ex rel Willys-Overland Co. v. J. D. Clark et al.; in Prohibition. Writ allowed. Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 11-28-24, 2 Abs. 754.

18877—A. C. Carter Leasing Co. v. Cleveland Union Terminal Co. et al.; error to Cuyahoga Appeals. Petition in error as of right dismissed. No constitutional question involved. Marshall, C. J., Jones, Matthias, Day and Kinkade, JJ., concur. Dock. 12-22-24, 3 Abs. 2. OA, 2 Abs. 185.

## MOTION DOCKET

18911—C. W. Loughead Co. v. Le George Hollenkamp. Motion to certify, Hamilton Appeals. Overruled. Dock. 1-15-25, 3 Abs. 28.

18912—C. W. Loughead Co. v. Hazel Hollenkamp. Motion to certify; Hamilton Appeals. Overruled. Dock 1-15-25, 3 Abs. 28.

18923—Detroit, Toledo & Ironton R R Co. v. Clark Comm. et al. Motion to certify; Clark Appeals. Overruled. Dock 1-20-25, 3 Abs. 28.

18928—Harry A. Blachman v. David Missman et al. Motion to certify;Cuyahoga Appeals. Overruled. Dock. 1-29-25, 3 Abs. 66; OS. Pend. 3 Abs. 115.

18929—J. Charles McCullough, etc., v. Emma C. Ott et al. Motion to certify; Hamilton Appeals. Overruled. Dock. 1-31-25, 3 Abs. 82; OS. Pend, 3 Abs. 131.

18930—Anna Teufel v. Elizabeth Steigleder et al. Motion to certify; Hamilton Appeals. Overruled. Dock. 1-3-25, 3 Abs. 82; OA. 3 Abs. 171.

18931—L. B. Cook v. Columbia Construction Co. et al. Motion to certify; Cuyahoga Appeals. Overruled. Dock 2-2-25. 3 Abs. 82.

18932—United States Fidelity and Guaranty Co. v. Samuel Freedman. Motion to certify. Hamilton Appeals. Overruled. Dock 2-2-25.

18935—Toledo (City) v. Community Traction Co. et al. Motion to certify; Lucas Appeals. Overruled. Dock. 2-3-25, 3 Abs. 82.

18941—Moses C. Rogers et al. v. Charles R. Smith. Motion to certify; Morrow Appeals. Overruled. Dock. 2-4-25, 3 Abs. 82; OS. Pend. 3 Abs. 131.

18942—Cincinnati Galvanizing Co. v. Wm. F. Madden, Assignee. Motion to certify; Hamilton Appeals. Overruled. Dock. 2-5-25, 3 Abs. 82; OS. Pend, 3 Abs. 188.

18944—Baltimore & Ohio Rd. Co. v. William A. Badger. Motion to certify; Ross Appeals. Overruled. Dock. 2-7-25; 3 Abs. 98.

18954—City of Toledo v. Community Traction Co. et al. Motion to certify; Lucas Appeals. Overruled. Dock 2-10-25, 3 Abs. 98.

18957—Ohio Gas and Electric Co. v. Carl Tirey, by etc. Motion to certify; Butler Appeals. Overruled. Dock 2-13-25, 3 Abs. 114.

18986—Charles Thomas v. State of Ohio. Motion to file pet in error to Franklin Appeals. Overruled. Dock. 2-28-25, 3 Abs. 146.

# Abstracts of Last Week's SUPREME COURT OPINIONS

## SYLLABI.
### No. 309

No. 18681—In the Matter of the Exceptions of the Prosecuting Attorney in State of Ohio v. W. F. Peters. Exceptions to a decision of the Court of Common Pleas of Portage County.

**1279—WORK AND LABOR.**

Sec. 17-1, GC. forbidding employment of labor in a municipally owned public utility more than 48 hours per week, relates to construction work and not maintenance.

**1277—WORDS.**

1. Altered language in draft of an article submitted for constitutional amendment, given meaning naturally imported by the words used.

2. "Did require and permit" a workman to labor on public work more than 48 hours per week, in an indictment under 17-1 GC. is not bad for duplicity.

MARSHALL, C. J.

1. Section 17-1, General Code, has no application to the employment of labor by a municipality in the operation of a public utility owned by such municipality. The expression "workmen engaged in any public work carried on or aided by the state, or any political subdivision thereof, whether done by contract or otherwise" relates to the construction of public improvements and not maintenance or operation.

2. Where a constitutional convention agrees upon the draft of an article under consideration and submits the same to a "committee on arrangement and phraseology" and such committee so far modifies the article that its meaning is materially altered, the presumption that the report of the committee is the substantial equivalent of that which had been before settled does not arise and the altered language will be given the meaning which the words employed naturally import.

3. An indictment predicated upon an alleged violation of Section 17-1, General Code, which alleges that the defendant "did require and permit" a workman to labor beyond the limitations of that section, is not bad for duplicity.

Exceptions sustained in part, overruled part. Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

---

### No. 310

No. 18839—The State of Ohio ex rel. Willys-Overland Company, v. J. D. Clark, whose first name is unknown, et al., as Industrial Commission of the State of Ohio. In Prohibition.

**1283. WORKMEN'S COMPENSATION:**

1. When Industrial Commission rejects a claim and appeal is perfected, a judgment against claimant in common pleas, until vacated, modified or reversed, is complete and final.

2. When Commission on rehearing, ignores the judgment and makes an award in favor of claimant, the employer is entitled to writ of prohibition from Supreme Court to restrain further action.

KINKADE, J.

1. When an application is made to the Industrial Commission, pursuant to the provisions of the Workmen's Compensation Act, for an award to cover an injury alleged to have been received by an employe in the course of his employment and the Industrial Commission rejects the claim, and an appeal from such order is perfected to the Court of Common Pleas, pursuant to the provisions of Section 146-90, General Code, and judgment is rendered against the claimant in that court, such judgment, until vacated or modified by the court entering the same, or reversed or modified by a higher court upon proceedings in er-